KM

WO

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Jason Dendulk,

Plaintiff,

v.

City of Mesa, et al.,

Defendants.

No.   CV-25-02908-PHX-JAT (DMF)

**ORDER**

Self-represented Plaintiff Jason Dendulk, who is confined in a Maricopa County Jail, filed a civil rights Complaint in the Maricopa County Superior Court. Defendants removed the action to this Court. The Court dismissed the Complaint with leave to amend. Pending before the Court is Plaintiff's First Amended Complaint (Doc. 6) and Motion to Appoint Counsel (Doc. 7). The Court will deny the Motion to Appoint Counsel; require Defendants Dirk, Lopez, Shaw, and Perez Cortes to answer the First Amended Complaint; and dismiss without prejudice the remaining claims and Defendant.

## I.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

TERMPSREF

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe [self-represented litigant's] filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a self-represented prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## II.     First Amended Complaint

In this three-count First Amended Complaint, Plaintiff sues Defendants City of Mesa, Mesa Police Officer Joshua Lopez, and Mesa Police Detectives Cody Dirk, Cody Shaw, and Shaquille Perez Cortes. Plaintiff seeks monetary damages.

In **Count One**, Plaintiff alleges Defendants used excessive force on him in violation of the Fourth Amendment. On January 30, 2025, Defendants Dirk, Lopez, Shaw, and Perez Cortes apprehended Plaintiff near his residence. Plaintiff asserts he "held his hands up in surrender, posing no physical threat at all." (Doc. 6 at 5.) Plaintiff claims Defendant Lopez

TERMPSREF

"tackled him & instigated a savage beating of Plaintiff instead of simply handcuffing him." (*Id.*) Plaintiff alleges that after the "unnecessary takedown," Defendant Lopez began repeatedly kneeing him and "shortly thereafter, [Defendant] Perez Cortes . . . join in on the beat-down." (*Id.*) Plaintiff claims Defendant Perez Cortes "delivered a combination of closed-fist punches, open palm strikes, and elbows to the Plaintiff's face [and] head." (*Id.*) Plaintiff alleges Defendant Dirk "shot 4 taz[e]r rounds into Plaintiff's back as Plaintiff [was] lying helpless on the ground being beaten relentlessly by multiple officers." (*Id.*) Plaintiff contends Defendant Shaw "also got in on the assault by over-aggressively handcuffing Plaintiff and breaking the Plaintiff's left hand." (*Id.*) Plaintiff suffered a broken nose and broken left hand and required stiches to seal a large gash above his left eye, and his body was "covered in bruises [and] scrapes including wounds from 4 tazer rounds." Plaintiff alleges he also suffers from "irreversible psychological damage (PTSD) requiring indefinite . . . treatment including psychiatry, counseling, and therapy." (*Id.* at 6.)

In **Count Two**, Plaintiff claims Defendants violated his Fourteenth Amendment right to equal protection. Plaintiff asserts the officers used excessive force on him "because of his prior criminal history" and this was "unfair treatment." (*Id.* at 7.)

In **Count Three**, Plaintiff alleges Defendants violated 18 U.S.C. § 1001 when they "knowingly and willfully lied on the police report narratives" by stating Plaintiff was armed with a screwdriver and reaching for his waistband. (*Id.* at 8.) Plaintiff claims "the truth is [he] was not 'armed' with anything and was holding his hands up in surrender when [Defendants] savagely beat him and tazed him, scarring him for life." (*Id.*)

### III.    Failure to State a Claim

#### A.    Defendant City of Mesa

"A municipality may not be sued under § 1983 solely because an injury was inflicted by its employees or agents." *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). The actions of individuals may support municipal liability only if the employees were acting pursuant to an official policy or custom of the municipality. *Botello*

*v. Gammick*, 413 F.3d 971, 978-79 (9th Cir. 2005).  A § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury.  *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)).  Plaintiff has failed to allege facts to support that Defendant City of Mesa maintained a specific policy or custom that resulted in a violation of Plaintiff's federal constitutional rights and has failed to explain how his injuries were caused by any municipal policy or custom.  Thus, the Court will dismiss without prejudice Defendant City of Mesa.

### B.    Count Two

Generally, "[t]o state a claim . . . for a violation of the Equal Protection Clause . . . [,] a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  Plaintiff has not alleged he is a member of a protected class.

The United States Supreme Court has also recognized "successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see also SeaRiver Maritime Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002).  Even under this standard, Plaintiff has failed to state a claim.  Plaintiff has failed to allege that he was treated differently than other similarly situated individuals and that there was no rational basis for treating him differently.  The Court will dismiss Count Two for failure to state a claim.

. . . .

. . . .

. . . .

TERMPSREF

## C.    Count Three

Section 1001, 18 U.S.C., is a criminal statute that does not provide a private cause of action or a basis for civil liability. *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007). The Court will therefore dismiss Count Three for failure to state a claim.

## IV.    Claims for Which an Answer Will be Required

Liberally construed, Plaintiff has adequately stated a Fourth Amendment excessive force claim in Count One against Defendants Dirk, Lopez, Shaw, and Perez Cortes. The Court will require these Defendants to answer Count One of the First Amended Complaint.

## V.    Motion to Appoint Counsel

Plaintiff asks that the Court appoint counsel to represent him in this case because he cannot afford to hire an attorney and his incarceration and injuries make it difficult for him to "keep[] up with all of the pleadings, motions, orders, etc."

There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings in forma pauperis, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims on his own in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff is in no different position than many self-represented prisoner litigants. Thus, the Court will deny without prejudice Plaintiff's Motion to Appoint Counsel.

. . . .

. . . .

TERMPSREF

- 5 -

## VI.   Warnings

### A.   Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### B.   Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C.   Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   Plaintiff's Motion to Appoint Counsel (Doc. 7) is **denied**.

(2)   Counts Two and Three of the First Amended Complaint are **dismissed** without prejudice.

(3)   Defendant City of Mesa is **dismissed** without prejudice.

(4)   If Plaintiff attempts to amend to address the shortcomings identified in this Order, the amended complaint must be filed on the court-approved form and retyped or rewritten in its entirety (including those claims and Defendants that were not dismissed), and Plaintiff must comply with Rule 15 of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of Civil Procedure.

. . . .

**TERMPSREF**

(5)     Defendants Dirk, Lopez, Shaw, and Perez Cortes must answer Count One of the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 81(c)(2) of the Federal Rules of Civil Procedure or within 30 days of the filing of this Order, whichever is later.

(6)     Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(7)     This matter is referred to Magistrate Judge Deborah M. Fine pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 6th day of April, 2026.

_____
James A. Teilborg
Senior United States District Judge

TERMPSREF

- 7 -